

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2008

# USA v. DeSivo

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. DeSivo" (2008). *2008 Decisions*. Paper 700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1287
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER P. DESIVO,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 04-cr-00010)
District Judge:  Hon. James F. McClure

Submitted under Third Circuit LAR 34.1(a)
on April 11, 2008

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit Judges</u>

Opinion filed: August 7, 2008

O P I N I O N

**ROTH,** <u>Circuit Judge</u>:

Christopher DeSivo appeals the order of the U.S. District Court for the Middle District of Pennsylvania denying his motion for a new trial, the sentence imposed by the District Court, and various evidentiary rulings made during trial. For the reasons discussed below, we will affirm.

## I. **Background and Procedural History**

As the facts are well known to the parties, we will discuss them only briefly here.

Following a jury trial in the U.S. District Court for the Middle District of Pennsylvania, Christopher DeSivo was convicted of four counts in a six-count indictment: (1) Count One, conspiracy to manufacture, possession with intent to distribute, and distribution of methamphetamine, in violation of 21 U.S.C. § 846; (2) Count Three, possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2; (3) Count Four, witness tampering, in violation of 18 U.S.C. §§ 1512(b)(1) and 2; and (4) Count Six, obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. DeSivo filed a *pro se* motion for a new trial (although he was represented by counsel). The District Court denied the motion on January 24, 2007.

A presentence report was submitted on February 28, 2006, to which DeSivo filed objections. After receiving sentencing memoranda and hearing argument from both DeSivo and the government, the District Court determined that the advisory sentencing guideline range was 360 months to life imprisonment, based on a total offense level of 40 and a

2

criminal history category of VI. On January 24, 2007, the District Court sentenced DeSivo to 360 months imprisonment on Count One and 120 months on each of Counts Three, Four, and Six, all sentences to be served concurrently, five years supervised release, and imposed a $400 assessment.

DeSivo appealed. He argues that (1) the District Court's furnishing of a dictionary to the jury without prior notice to counsel constitutes reversible error, (2) the District Court erred in admitting into evidence photographs of items (a glass jar, coffee filters, starter fluid, and a propane tank) purportedly used to manufacture methamphetamine and seized from a camper, given that the evidence itself had been destroyed, (3) the District Court erred in precluding DeSivo from cross-examining a law enforcement witness about a report regarding misconduct in the New York State police department, (4) the District Court erred in denying DeSivo's motion for a new trial and in failing to hold an evidentiary hearing because new evidence suggested that one of the government's witnesses gave untruthful testimony, (5) the District Court erred in applying a four-level sentencing adjustment for DeSivo's leadership role in the conspiracy, and (6) the sentence imposed was unreasonable.

## II. Analysis

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Because DeSivo did not object to the provision of a dictionary to the jury, or to the District Court's supplementary instruction regarding the definition of certain terms, we

3

review this claim for plain error. *United States v. Haywood*, 363 F.3d 200, 206 (3d Cir. 2004). For us to correct an error not raised at trial, the error must be plain and affect substantial rights. *Id.* "[I]n most cases, [the limitation that the error must have affected substantial rights] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Even if these conditions are met, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Haywood*, 363 F.3d at 207.

In this case, even if the provision of the dictionary to the jury was error, DeSivo was not prejudiced as a result. *See Gibson v. Mayor and City Council of Wilmington*, 355 F.3d 215, 231 (3d Cir. 2004). The District Court recognized the potential problems with having provided a dictionary and, after consulting with counsel, instructed the jury as to the proper meaning of specific terms that the jury had questioned. The District Court also clarified that the jury should not consider dictionary definitions for terms that were defined in the instructions. We conclude that this supplemental guidance avoided the potential danger that the jury would misuse the dictionary and eliminated any prejudice to DeSivo.

The District Court's evidentiary rulings with respect to admission of the photographs and the scope of cross-examination regarding the report about police misconduct are reviewed for abuse of discretion. *United States v. Frazier*, 469 F.3d 85, 87 (3d Cir. 2006); *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005).

4

With respect to admission of the photographs of the destroyed items, the Supreme Court has held that:

> "[w]hatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. . . . To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."

*California v. Trombetta*, 467 U.S. 479. 488-89 (1984) (internal citation omitted).  We have held that "[w]ithout a showing of bad faith, failure to preserve evidence that might be of use to a criminal defendant after testing is not a denial of due process." *United States v. Deaner*, 1 F.3d 192, 200 (3d Cir. 1993).

The record reveals no showing of bad faith on the part of the police who destroyed the items.  Rather, Trooper Michael Adams testified that they were destroyed for safety reasons, because of the chemicals that might have been used in connection with the items, and that items of a hazardous nature are not kept in the police evidence room.  Moreover, we fail to see how the admission of the photographs of the destroyed evidence prejudiced DeSivo's ability to present his defense.  Adams testified that the police had found neither drugs nor an active methamphetamine lab in the camper and acknowledged that the items in the photographs could commonly be used for purposes other than manufacturing methamphetamine.  In light of the testimony about the items seized from the camper, the District Court did not abuse its discretion in admitting photographs of those items.

5

Nor did the District Court abuse its discretion in precluding DeSivo from cross-examining Trooper John Pierce regarding a report uncovering fabrication by a New York State Police investigator in an earlier case involving DeSivo. In determining whether a limitation on cross-examination violates the Confrontation Clause, we consider "(1) whether the limitation significantly limited the defendant's right to inquire into a witness's motivation for testifying; and (2) whether the constraints imposed fell within the reasonable limits that a district court has the authority to impose." *Mussare*, 405 F.3d at 169. The District Court has "'wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

Here the District Court found that cross-examination as to the report's findings would be inappropriate and immaterial, given that Pierce had no close relationship with the investigator cited in the report. We agree that this fact would undermine any argument that Pierce was biased against DeSivo because of the report and would minimize the report's relevance. Pierce himself told the District Court that he bore no animosity or bias against DeSivo. On this record, the District Court did not abuse its discretion in refusing to allow cross-examination regarding the report.

We review the District Court's denial of DeSivo's motion for a new trial for abuse of discretion. *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). We have interpreted

6

Federal Rule of Criminal Procedure 33 as permitting a District Court to grant a new trial on the basis of "newly discovered evidence" where certain conditions are met:

> "(a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."

*Id.* (internal quotation omitted).[1]

The District Court found that the "newly discovered evidence" proffered by DeSivo, namely a statement from a cell mate of Ricky Johnson, one of the many witnesses who testified against DeSivo at trial, that Johnson had said that much of his testimony was untrue, was merely impeaching and therefore not a basis to grant a new trial. The record indicates moreover that this evidence would not probably produce an acquittal at a new trial. Johnson's testimony primarily related to indirect purchases of methamphetamine from DeSivo. Multiple other witnesses (some with first-hand knowledge) testified about DeSivo's activities in distributing and manufacturing methamphetamine. As such, we cannot say that

---

[1]DeSivo argues that the standard set forth in *Larrison v. United States*, 24 F.2d 82 (7th Cir. 1928) applies to his case, in light of this Court's holding in *United States v. Massac*, 867 F.2d 174 (3d Cir. 1989). However, in *Massac*, this Court made clear that our earlier precedent had not adopted the *Larrison* rule and apparently applied the rule in that case only because the parties had agreed to have it applied before the district court. *Massac*, 867 F.2d at 178 (*citing Gov't of Virgin Islands v. Lima*, 774 F.2d 1245, 1251 n.4 (3d Cir. 1985)). Notably, the Seventh Circuit has overruled *Larrison*. *United States v. Mitrione*, 357 F.3d 712, 718 (7th Cir. 2004), *vacated on other grounds*, 543 U.S. 1097 (2005).

7

the District Court abused its discretion in denying DeSivo's motion for a new trial, even absent an evidentiary hearing.

DeSivo also challenges the District Court's application of a sentencing enhancement pursuant to U.S. Sentencing Guidelines § 3B1.1, based on its finding that he had a leadership role in the offense. We review the District Court's factual determinations underlying the application of the U.S. Sentencing Guidelines for clear error and must give due deference to the District Court's application of the guidelines to those facts. *United States v. Helbling*, 209 F.3d 226, 242-43 (3d Cir. 2000). "We may not reverse if the [D]istrict [C]ourt's findings are plausible in light of the record viewed in its entirety." *United States v. Barrie*, 267 F.3d 220, 223 (3d Cir. 2001) (internal quotation omitted). We exercise plenary review over legal questions related to the interpretation and application of the guidelines. *Helbling*, 209 F.3d at 243.

We find no clear error in the District Court's determination that DeSivo bore a leadership or organizational role in the offense. We conclude that the District Court properly interpreted the guidelines in applying the four-level enhancement under § 3B1.1. Section 3B1.1 provides for a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." This Court has held that, "to be considered an organizer or leader, the defendant must have exercised some degree of control over others involved in the commission of the offense." *Helbling*, 209 F.3d at 243. The record supports the District Court's determination that

8

DeSivo exercised control over his wife in the conspiracy and that the conspiracy involved more than five people. Accordingly, the District Court properly determined that the four-level enhancement applied.

We also find that the sentence imposed by the District Court was reasonable. We review a sentence for reasonableness following *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Cooper*, 437 F.3d 324, 326-27 (3d Cir. 2006). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc); *Cooper*, 437 F.3d at 329. Reasonableness review essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. __, 127 S.Ct. 2456, 2465 (2007). We may apply a presumption of reasonableness to a sentence within the guidelines range. *Id.* at 2462-65.

The record indicates that the District Court reasonably considered and applied the Section 3553(a) factors in determining DeSivo's sentence. DeSivo primarily faults the District Court for imposing what he deems a disparate sentence compared to that imposed on the other participants in the methamphetamine operation. However, DeSivo had a more considerable criminal history than those other participants, and the District Court explained the role of DeSivo's criminal history in issuing its sentence. In addition, the sentence imposed was within the range suggested by the guidelines. As such, we reject DeSivo's claim that the sentence imposed was unreasonable.

9

## III. **Conclusion**

For the reasons set forth above, we will affirm the judgments of conviction and sentence.